UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 13CR2297-JLS/JMA |
| v. | ORDER OF DETENTION |
| TONY McLEOD, | |
| Defendant. | |

In accordance with §3142(F) of the Bail Reform Act of 1984, 18 U.S.C. § 3142(f), a detention hearing was held on August 1, 2013, to determine whether Tony McLeod ("Defendant") should be held in custody pending trial, on the grounds that Defendant is a flight risk and a danger to the community. Assistant U.S. Attorney Charlotte E. Kaiser appeared on behalf of the United States. Shereen Charlick specially appeared for Leila Morgan on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services report, along with exhibits entered by the United States, the Court concludes that the following facts establish by a clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community should Defendant be released from custody:

I.

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]

1.   Defendant is charged in an Indictment with Enticement of Minor, in violation of 18 U.S.C. § 2422(b).

2.   If convicted of this charge, Defendant faces a mandatory minimum sentence of 10 years and maximum sentence of life imprisonment.

3. Given this charge, under 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption that Defendant should be detained.

B. Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]

1. Although this factor is to be given the least weight, the United States produced multiple exhibits that demonstrate that Defendant definitively knew that the minor victim #1 ("MV#1") represented himself to be under the age of eighteen years old as of May 26, 2013 at the latest. Thereafter, Defendant continued to engage in sending sexually explicit text messages and obscene photographs to MV#1. On or about May 27, 2013, MV#1's family learned about the communications and asked Defendant to stop having contact with MV#1 as he was fourteen (14) years-old. On June 10, 2013, however, Defendant used free airfare obtained from his partner to fly on an airline from Florida to California, pick up MV#1 from MV#1's middle school in Escondido, California, and then obtained discounted airfare from another friend to fly with MV#1, having MV#1 use an alias, from California to Florida.

C. History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]

1. Character: Issues of character were not explicitly raised during the hearing. This factor will be treated as neutral.

2. Physical and Mental Condition: Defendant reported no physical or mental issues. This factor weighs against detention.

3. Family Ties: Defendant has no ties to Southern California and has ties to Tampa, Florida. This factor weighs against detention.

4. Employment: Defendant has a work history. This factor weighs against detention.

5. Financial Resources: Defense counsel advised that Defendant has property and that his adoptive father would serve as a surety. This factor weighs against detention.

6. Length of Residence in the Community: Defendant is a United States citizen, and has been living in Tampa, Florida at least six years. His current residence situation is stable. This factor weighs against detention.

7. Community Ties and Past Conduct: The "community ties" and "past conduct" factors implicate considerations that are duplicative of other findings already made by the Court in this Order. As a result, these factors will be treated as neutral.

8. History Relating to Drug or Alcohol Abuse: Defendant has no history of drug or alcohol abuse. This factor weighs against detention.

9. Criminal History: Defendant has law enforcement contacts but no prior criminal convictions. This factor weighs against detention.

10. Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release: Defendant has no known failures to appear or probation violations. This factor weighs against detention.

D. Nature and Seriousness of the Danger to Any Person or the Community
[18 U.S.C.§ 3142(g)(4)]

For the reasons already discussed, Defendant poses a danger to any person or the community that would be posed by his release. MV#1's family also has expressed a fear of Defendant having further contact with them given Defendant took MV#1 without the family's permission and knows where they live.

II.

CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g) and Defendant's failure to rebut the presumption that he should be detained, the United States has satisfied its burden of demonstrating that Defendant poses a danger to any other person and the community and that no condition or combination of conditions will reasonably assure the safety of any other person and the community should Defendant be released from custody in this case.

1  Because the Court detains Defendant based on being a danger, it does not rule on
2  whether Defendant poses a flight risk at this time.

                                    III.

                                  O R D E R

       IT IS HEREBY ORDERED that Defendant be detained pending trial and, if
convicted, sentencing in these matters.

       IT IS FURTHER ORDERED that Defendant be committed to the custody of the
Attorney General or his designated representative for confinement in a corrections
facility separate, to the extent practicable, from persons awaiting or serving sentence or
being held in custody pending appeal.  Defendant shall be afforded reasonable
opportunity for private consultation with counsel.

       While in custody, upon order of a court of the United States or upon the request
of an attorney for the United States, the person in charge of the correctional facility shall
deliver Defendant to the United States Marshal for the purpose of an appearance in
connection with a court proceeding or any other appearance stipulated to by defense
and government counsel.

       This order is made without prejudice to modification by this Court at a future
date.

       IT IS SO ORDERED.

DATED:     August _6_, 2013

                                        _____
                                        THE HONORABLE JAN M. ADLER
                                        United States Magistrate Judge
                                        United States District Court for the
                                        Southern District of California