1 | **LEILA W. MORGAN**
California State Bar No. 232874
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619)234-8467/Fax: (619) 687-2666
4 | E-mail: Leila_Morgan@fd.org

5 | Attorneys for Tony McLeod

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| UNITED STATES OF AMERICA, | Case No. 13CR2297-JLS |
|---|---|
| Plaintiff, | DATE: August 30, 2013<br>TIME: 10:30 a.m. |
| v. | |
| TONY McLEOD, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. | |

**1. Statement of Facts.**

On June 11, 2013, Mr. McLeod was arrested in the Tampa International Airport along with MV#1.[1] On June 10, 2013, Escondido Police Department responded to a report of a missing child, later identified as MV#1. Officers searched MV#1's cellular telephone and determined that MV#1 was communicating with an individual saved in the phone as "Tony." Sexual images are alleged to have been by "Tony" to MV#1's cellular phone. Further investigation revealed that the phone number saved under "Tony" in the phone belonged to Mr. McLeod. Additional information revealed that

---

[1] Pursuant to the Protective Order of this Court, Mr. McLeod will use the term Minor Victim #1 or MV#1 to protect the identity of the juvenile at issue in this case.

Defendant's Pretrial Motions    1    13CR2297-JLS

Mr. McLeod's phone was in the vacinity of the Los Angeles Airport and that Mr. McLeod and an individual identified as "Justin McLeod" had boarded a plane to Tampa, Florida that day. Law enforcement officers arrested Mr. McLeod shortly after the plane landed at the Tampa Airport. Mr. McLeod was interrogated after his arrest. He initially agreed to speak with agents, and later invoked his rights under *Miranda*.

A warrant was issued from the Southern District of California on June 17, 2013. Mr. McLeod was arrested on the warrant. An indictment was filed in the case on June 21, 2013, charging Mr. McLeod with one count of Enticement of a Minor in violation of 18 U.S.C. §2422(b). Mr. McLeod was arraigned on the indictment in Tampa, waived his right to a removal and identification hearing and was transferred to San Diego. Mr. McLeod first appeared in this district on July 26, 2013.

Through counsel a protective order was agreed to and issued on August 9, 2013, and discovery has been produced on a rolling basis since that time. Discovery in this case is voluminous, included extensive phone records, interviews and other electronic material. Government counsel has indicated that the investigation is still ongoing and additional charges may be filed.

These motions follow.

**2.    Motion to Compel Discovery.**

Mr. McLeod moves for the production of the following discovery as he believes that the government has not provided all required discovery in this case. This request includes not only items known to the government, but also items in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies," *United States v. Bryan*, 868 F. 2d 1023 (9th Cir. 1989), as well as items of which the government attorney may become aware through the exercise of due diligence. *See* Fed. R. Crim. P. 16.

//

//

Defendant's Pretrial Motions          2                              13CR2297-JLS

**2.1  Mr. McLeod Statements.**

Mr. McLeod specifically requests all written or recorded statements made by him; all written, audiotaped, or videotaped records of any of her statements; the substance of all her oral statements; and all rough notes pertaining to her statements or the substance of her statements.  *See* Fed. R. Crim. P. 16(a)(1)(A) & (B); *Brady v. Maryland*, 373 U.S. 83 (1963).

**2.2  Arrest Reports, Notes and Dispatch Tapes.**

The government must produce all arrest reports, investigator's notes, memoranda from arresting officers, dispatch tapes, sworn statements, TECS records, and prosecution reports pertaining to Mr. McLeod.  *See* Fed. R. Crim. P. 16(a)(1)(B) & (E); Fed. R. Crim. P. 26.2; Fed. R. Crim. P. 12(h); *Brady v. Maryland*, 373 U.S. 83 (1963).  Mr. McLeod includes in this request the Report of Investigation ("ROI"), any redacted portions of the ROIs and any subsequent ROIs that the case agent or any other agent has written.  Mr. McLeod also requests any notes made after any cell phone was searched.

**2.3  *Brady* Material.**

Mr. McLeod requests all documents, statements, agents' reports, and tangible evidence that is favorable to him on the issue of guilt or penalty, and/or that affects the credibility of the government's witnesses and the government's case. *See Brady*, 373 U.S. at 88; *United States v. Bagley*, 473 U.S. 667, 676-77 (1985).  This request includes any information that may result in a lower sentence under the advisory Guidelines or a variance under 18 U.S.C. § 3553(a), including any cooperation or attempted cooperation by Mr. McLeod and any information that could affect any base offense level, specific offense characteristic, adjustments, enhancement, departure, or criminal history determination under the Guidelines.

//

//

**2.4  Mr. McLeod's Prior Record.**

Mr. McLeod request disclosure of his prior record. *See* Fed. R. Crim. P. 16(a)(1)(D).

**2.5  Any Proposed 404(b) or 6 R09 Evidence.**

Mr. McLeod requests evidence of prior similar acts or convictions. *See* Fed. R. Crim. P. 16(a)(1)(D); Fed. R. Evid. 404(b); Fed. R. Evid. 609. Sufficient notice requires the government to "articulate **precisely** the evidential hypothesis by which a fact of consequence may be inferred from other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

This request includes and "TECS" records (records of prior border crossings) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. *United States v. Vega*, 188 F. 3d 1150, 1154-55 (9th Cir. 1999). Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the Government must produce before trial. *Id.*

Mr. McLeod requests, in accordance with Rule 404(b), that notice be given at least three weeks before trial to provide the defense with adequate time to investigate and prepare for trial.

**2.6  Evidence Seized.**

Mr. McLeod requests production of any evidence seized from him, whether or not it was obtained from a search with or without a warrant. *See* Fed. R. Crim. P. 16(a)(1)(E).

//
//
//

Defendant's Pretrial Motions        4                           13CR2297-JLS

**2.7 Request for Preservation of Evidence.**

Mr. McLeod specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, rough notes, dispatch tapes, video or audiotapes of the checkpoint, the results of any fingerprint analysis, Mr. McLeod's personal effects, and any evidence seized from Mr. McLeod or any third party in relation to this case. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g., undocumented aliens and transients). Mr. McLeod requests that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

**2.8 *Henthorn* Material.**

Mr. McLeod requests that the Assistant United States Attorney assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. *See Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Henthorn*, 931 F.d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed against the agent (by a member of the public, by another agent, or any other person), whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended.

**2.9 Tangible Objects.**

Mr. McLeod requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were

obtained from or belong to Mr. McLeod. *See* Fed. R. Crim. P. 16(a)(1)(F). Mr. McLeod requests color copies of all photographs in this case in the government's possession.

**2.10 Expert Witnesses.**

Mr. McLeod requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case-in-chief. This summary should include a description of the witness's opinion(s), as well as the basis and the reasons for the opinion(s). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he or she understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with the defendant or any other witness. The defense requests that notice of expert testimony be provided at least three weeks before trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See Kumho v. Carmichael Tire Co.*, 526 U.S. 137 (1999).

**2.11 Evidence of Bias or Motive to Lie.**

Mr. McLeod requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

**2.12 Impeachment Evidence.**

Mr. McLeod requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and evidence of any witness statement favorable to Mr. McLeod. *See* Fed. R. Evid. 608, 609 & 613; *Brady v. Maryland*, 373 U.S. 83 (1963). Mr. McLeod further requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. Mr. McLeod further requests any evidence, including any

Defendant's Pretrial Motions         6                              13CR2297-JLS

medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

**2.13  Witness Addresses.**

Mr. McLeod requests the name and last known address of each prospective government witness.  Mr. McLeod also requests the name and last known address of every witness to the crime or crimes charged (or any overt acts committed in furtherance thereof) who will **not** be called as a government witness.

**2.14  Names of Witnesses Favorable to Mr. McLeod.**

Mr. McLeod requests the name and last known address of any witness who made any arguably favorable statement concerning him, could not identify him, or was unsure of his identity or participation in the crime charged.

**2.15  Statements Relevant to the Defense.**

Mr. McLeod requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

**2.16  Jencks Act Material.**

Mr. McLeod requests production in advance of motion hearing or trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act.  18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.  This requests includes interview notes if such notes were reviewed with the subject. *See United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991). Advance production will avoid the possibility of delay at trial to allow the defense to investigate the Jencks material.

//
//
//
//

**2.17 *Giglio* Information and Agreements Between the Government and Witnesses.**

Mr. McLeod requests all statements and/or promises, express or implied, made to any witness in exchange for his or her testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. *See Giglio v. United States*, 405 U.S. 150 (1972). This request includes identification of any cooperating witnesses who have committed crimes, but were not charged, so that they may testify for the government in this case. The request also includes any express or implicit promise, understanding, offer of immunity, past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed and specifically includes any discussion with a potential witness regarding that witness's immigration status and/or any effect that the witness's statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, bond status, or permission to remain in the United States.

**2.18  Informants and Cooperating Witnesses.**

Mr. McLeod requests disclosure of the names and addresses of all informants or cooperating witnesses who have been used or will be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. McLeod. The government must disclose the informant's identity and location, as well as the existence of any

other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The government must also disclose any information derived from informants which exculpates or tends to exculpate Mr. McLeod. Mr. McLeod further requests disclosure of any information indicating bias on the part of any informant or cooperating witness, including but not limited to any inducements, favors, payments or threats made to the witness in order to secure cooperation with the authorities. *See Giglio v. United States*, 405 U.S. 150 (1972).

### 2.19 Performance Goals and Policy Awards.

Mr. McLeod requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in this case to the extent such information relates to the seizure of narcotics. This request specifically includes information concerning performance goals and policy awards as well as the standards used by the Department of Homeland Security for commending, demoting, or promoting agents for their work with drug interdiction.

### 2.20 Reports of Scientific Tests or Examinations.

Mr. McLeod requests the reports of all scientific or other tests or examinations conducted upon the evidence in this case. *See* Fed. R. Crim. P. 16(a)(1)(F).

### 2.21 Residual Request.

Mr. McLeod intends, by this discovery motion, to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. McLeod requests that the government provide his attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### 3. This Court Should Order Preservation and Viewing of Evidence.

Mr. McLeod requests the preservation of all physical evidence in this case. This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government (or its private contractors) in this case.

*United States v. Riley*, 189 F.3d 802, 806-08 (9th Cir. 1999). This request includes, but is not limited to: (1) the results of any fingerprint analysis; (2) the defendant's personal effects; (3) the agents' rough notes; (4) any radio broadcast or other audio, if it is recorded; (5) any evidence seized from the defendant or any third party (i.e., material witnesses, co-defendants); (6) any alleged contraband seized in this case.

Additionally, Mr. McLeod hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case. Additionally, Mr. McLeod wishes to view the cell phones and vehicles seized in this case.

It is requested that the prosecutor be ordered to question all the agencies, private contractors, and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

**4.    This Court Should Grant Leave to File Further Motions.**

Mr. McLeod has received limited discovery in this case. Accordingly, Mr. McLeod requests leave to file further motions as are warranted by the additional discovery.

**5.    Conclusion.**

For the reasons stated above, Mr. McLeod respectfully requests that the Court grant the above motions.

                                            Respectfully submitted,

DATED: August 28, 2013                *s/ Leila W. Morgan*
                                                  **LEILA W. MORGAN**
                                                  Federal Defenders of San Diego, Inc.
                                                  Attorneys for Tony McLeod