Laura E. Duffy
United States Attorney
Charlotte E. Kaiser
David D. Leshner
Cal. State Bar Nos. 256356/207815
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7282/7921
charlotte.kaiser@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  13CR2297-JLS |
| Plaintiff, | |
| v. | **UNITED STATES' TRIAL MEMORANDUM** |
| TONY LEE McLEOD,<br>   aka "Tony," | |
| Defendant. | |

The UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Charlotte E. Kaiser and David D. Leshner, Assistant U.S. Attorneys, hereby files its trial memorandum.

//

//

//

# I

## STATEMENT OF THE CASE

### A.  SUPERSEDING INDICTMENT

Defendant Tony Lee McLeod ("Tony" or "McLeod") is charged with coercion and enticement, in violation of 18 U.S.C. § 2422(b) (Counts 1 and 12); sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 2-5, 7-9); attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 6, 13-14); travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count 10); transportation of a minor, in violation of 18 U.S.C. § 2423(a) (Count 11); and criminal forfeiture, in violation of 18 U.S.C. § 2253 and 2428.  McLeod has pleaded not guilty.

### B.  TRIAL STATUS

Trial is set for February 2, 2015 before the Honorable Janis L. Sammartino. The United States anticipates its case-in-chief to last four to six days.

### C.  STATUS OF COUNSEL

McLeod is represented by appointed counsel, Leila W. Morgan and Michelle Betancourt of Federal Defenders of San Diego, Inc.

### D.  CUSTODY STATUS

McLeod is in custody.

### E.  INTERPRETER

The United States will not need an interpreter for its witnesses.

### F.  JURY WAIVER

McLeod has not waived trial by jury.

### G.  PRETRIAL MOTIONS

On August 28, 2013, McLeod filed a motion to compel discovery, to preserve evidence and for leave to file additional motions.  On January 1, 2014, the United States filed a motion for reciprocal discovery and also motions for discovery under Rule 26.2 and 12.2.

**H.    MOTIONS IN LIMINE**

On July 18 and November 29, 2014, the United States filed Motions in <u>Limine</u>.

**I.    STIPULATIONS**

The parties have not entered into any stipulations at this time.

**J.    DISCOVERY**

The United States has complied with its discovery obligations.

**II**

**STATEMENT OF FACTS**

**A.    DISCOVERY OF McLEOD'S ILLICIT CONDUCT**

In May 2013, minor victim #1 ("MV#1") was 14 years old and living with his family in Escondido, California.   On or about May 27, 2013, MV#1's aunt, C.M. noticed that MV#1 was spending a lot of time on his cell phone.   When C.M. inquired about the person with whom MV#1 was communicating, MV#1 hesitated when answering her questions, including the person's age.   Later that same night, C.M. observed that MV#1 was on his phone and had his hand down his pants.

That night, when MV#1 was asleep, C.M. had MV#1's older sister go into his room and retrieve his phone.   C.M. and MV#1's sister reviewed the phone and found multiple sexually explicit images sent to MV#1 from a "Tony" at phone number 813-951-7916.   C.M. also found multiple sexually explicit images sent by MV#1 to Tony.

C.M.  woke up her sister, L.M., and shared what she saw on MV#1's phone. C.M. and L.M. called Tony.  Tony answered but he hung up as soon as C.M. and L.M. identified themselves as MV#1's aunts.   C.M. and L.M. texted Tony, telling him that MV#1 was 14 years old and accusing Tony of being a pedophile.   Tony responded that he had no idea what they were "talking about" and told them that they were "texting the wrong person."

On or about May 28, 2013, a user with the number 903-307-4521 texted MV#1's phone.  This user claimed to be McLeod's friend and that he was checking on MV#1.  L.M. responded via text that McLeod was a pedophile.  The user claimed to

not know anything.   This user also indicated that he asked McLeod about the circumstances and that McLeod told him that "he didn't know the person receiving the text was that young till [the aunts] told him!!!"

**B.**   **McLEOD TRANSPORTS MV#1 FROM CALIFORNIA TO FLORIDA**

C.M. and L.M. did not return MV#1's phone to him.  However, MV#1 used his friends' phones to continue his correspondence with McLeod.

On Monday, June 10, 2013, MV#1 left home for the local middle school where he was in the eighth grade.  He did not come home, however.  Unbeknownst to MV#1's family, McLeod had traveled from Florida to California, picked up MV#1 from school and flown with back to Florida with MV#1.

MV#1's family reported him missing.  Escondido Police Department authorities learned that a Tony McLeod and a "Justin McLeod," who had MV#1's date of birth, were on a red-eye Delta Airlines flight from Los Angeles, California to Tampa, Florida.

On June 11, 2013, law enforcement authorities boarded the Delta flight upon its arrival in Tampa.  Authorities arrested McLeod.  Tampa Police Department ("TPD") obtained a search warrant for McLeod's black bag and located an iPhone 5 with the number 813-753-9335, an iPad, and a thumb drive among other things.  They also performed a search warrant for McLeod's car, which was parked in the airport parking lot.  In the car, they seized an iPhone 4 with the number 813-951-7916 (the same number from which the sexually explicit images observed by C.M. and L.M. were sent).

During his post-arrest interview, McLeod denied any sexual relationship with MV#1.  When confronted with facts that there were naked pictures of him on MV#1's phone, McLeod still denied engaging in such behavior.

//

//

//

**C.    MV#1'S DESCRIPTION OF HIS CONTACTS WITH McLEOD**

In an initial interview with Tampa authorities, MV#1 said that he met McLeod through minor victim #2 ("MV#2"), a 15-year-old friend.  According to MV#1, MV#2 and McLeod were part of an on-line gaming group that played Battlefield3, a multi-player military role playing game.  MV#1 joined the on-line gaming group and struck up a friendship with McLeod in which they discussed games and sexual orientation. MV#1 shared his family issues with McLeod and, at some point, they decided MV#1 would come out and live with McLeod in Florida.  On June 10, 2013, McLeod picked up MV#1 from MV#1's middle school and they traveled to Los Angeles where they boarded a flight to Tampa.

During the interview, MV#1 initially denied having a sexual relationship with McLeod.  After being confronted with the evidence from his own phone, MV#1 admitted that McLeod and he sent each other sexually explicit images.

MV#1 returned to California the next day.  Approximately two weeks later, MV#1 disclosed to law enforcement that McLeod and he touched each other's genitals on their drive from Escondido to Los Angeles and also masturbated each other during their flight to Tampa.  MV#1 also said that he thought McLeod had exchanged sexually explicit images with MV#2.

**D.    MV#2'S DESCRIPTION OF HIS CONTACTS WITH McLEOD**

MV#2 was interviewed several times.  Initially, MV#2 denied any sexually explicit conduct with McLeod.  After being confronted with texting records, MV#2 admitted that, on two occasions in May 2014, McLeod masturbated in front of MV#2 over Skype.  McLeod then requested MV#2 to show him his genitals.  During both occasions, MV#2 showed his genitals to McLeod.

//

//

//

//

## E.     FORENSIC EVIDENCE

### 1.     MV#1's and McLeod's Phones

A forensic review of the cellular phones used by MV#1 and McLeod revealed multiple sexually explicit text messages, photographs and videos exchanged between them.  In text messages sent between May 23 and May 27, 2013, McLeod asked MV#1 about his relationship with his mother and encouraged MV#1 to have a fight with her so MV#1 could move out and live elsewhere.  They also sent each other non-sexually explicit images of themselves.  They subsequently started to send each other sexually explicit messages about what they would do to each other.

McLeod used both text messages (phone number 813-951-7916) and email (watermarktampa@aol.com) to exchange sexually explicit messages, images and videos with MV#1.  McLeod sent MV#1 multiple text messages requesting that MV#1 create sexually explicit images and videos of himself and send them to McLeod.  MV#1 acquiesced by creating the images and video of himself and sending them to McLeod.

The following chart illustrates a portion of the text messages exchanged between McLeod and MV#1 in May 2013.  The entries in bold text indicate the images and video created by MV#1 that constitute specific sexual exploitation counts alleged in the Superseding Indictment:

|  | MV#1's Phone | | | McLeod's Phone |
|---|---|---|---|---|
| Tony Sent (Unspecified Number) | | | I'm gonna make my vid now | 5/24/2013 6:40:54 AM (UTC+0) |
| | | | Then you make urs for me | 5/24/2013 6:41:03 AM (UTC+0) |
| **MV#1 to watermarktampa@aol.com** | **5/24/2013** | **17:11:30** | **VID-20130524-00011.3GP (Count 2)** | |

| Tony to MV#1 | 5/24/2013 | 22:01:30 (GMT) | Send it to that email I just gave u | |
| MV#1 to another friend | 5/25/2013 | 04:08:59 (GMT) | tony.jpg (image of McLeod) | |
| MV#1 to Tony | 5/25/2013 | 17:35:49 (GMT) | You will enjoy what I sent to the email | |
| Tony to MV#1 | 5/25/2013 | 20:24:10 (GMT) | IMG_0153.png (Screenshot of Text Conversation with MV#2) | |
| Tony to MV#1 | 5/25/2013 | 21:21:01 (GMT) | IMG_4734.png (Screenshot of McLeod's Battlefield3 app) | |
| Tony to MV#1 | 5/25/2013 | 21:57:15 (GMT) | IMG_9223.jpg (Screenshot of MV#1's Battlefield account) | |
| Tony to MV#1 | 5/26/2013 | 05:28:15 (GMT) | I know if you go live with [MV#2] its not hard to get you here and easy for me to come visit you.  [MV#2] has his folks around his fingers and if [MV#2] says he wants something they give in to him | |
| Tony to MV#1 | 5/26/2013 | 06:02:27 (GMT) | Show me how hard u are | |
| Tony to MV#1 | 5/26/2013 | 06:02:47 (GMT) | I'm alone enough to get pix but not make them | |
| **MV#1 to Tony** | **5/26/2013** | **06:04:32 (GMT)** | **IMG-20130525-00220.jpg (Count 3)** | |
| MV#1 to Tony | 5/26/2013 | 06:05:11 (GMT) | Sending | |
| Tony to MV#1 | 5/26/2013 | 06:05:11 (GMT) | Try | |
| Tony to MV#1 | 5/26/2013 | 06:05:21 (GMT) | Bathroom then | |
| Tony to MV#1 | 5/26/2013 | 06:05:43 (GMT) | You going now? | |
| MV#1 to Tony | 5/26/2013 | 06:05:43 (GMT) | Sending it | |
| Tony to MV#1 | 5/26/2013 | 06:05:57 (GMT) | Body shot too with ur hard dick | |
| Tony to MV#1 | 5/26/2013 | 06:07:30 (GMT) | You go to bathroom and send a body shot plz | |
| Tony to MV#1 | 5/26/2013 | 06:15:47 (GMT) | I sent u a body shot a few days ago! | |
| Tony to MV#1 | 5/26/2013 | 06:26:16 (GMT) | That vid you email me was hot.  I just sneaked on that email and watched it ;) | |
| Tony to MV#1 | 5/26/2013 | 06:33:32 (GMT) | Send me more pics to get me hard.  Ill sneak phone under blanket and snap foru | |
| Tony to MV#1 | 5/26/2013 | 06:35:13 (GMT) | I need visual stimulation | |

| | | | | |
|---|---|---|---|---|
| Tony to MV#1 | 5/26/2013 | 06:37:46 (GMT) | You gonna send more for me | |
| **MV#1 to Tony** | **5/26/2013** | **06:37:38 (GMT)** | **IMG-20130525-00223.jpg (Count 4)** | |
| **MV#1 to Tony** | **5/26/2013** | **06:38:53 (GMT)** | **IMG-20130525-00221.jpg (Count 5)** | |
| **MV#1 to Tony** | **5/26/2013** | **06:39:55 (GMT)** | **IMG-20130525-00222.jpg (Count 6)** | |
| Tony to MV#1 | 5/26/2013 | 06:42:27 (GMT) | Body shot with hard cock pic | |
| Tony to MV#1 | 5/26/2013 | 06:42:25 (GMT) | Use the mirror | |
| MV#1 to Tony | 5/26/2013 | 06:42:28 (GMT) | I have sent u one | |
| Tony to MV#1 | 5/26/2013 | 06:43:04 (GMT) | You sendin the body shot? | |
| Tony to MV#1 | 5/26/2013 | 06:43:07 (GMT) | With ur cock standing up | |
| Tony to MV#1 | 5/26/2013 | 06:44:07 (GMT) | Make one now | |
| Tony to MV#1 | 5/26/2013 | 06:44:07 (GMT) | Not so blurry tho | |
| Tony to MV#1 | 5/26/2013 | 06:45:48 (GMT) | I can only send cock pic right now | |
| Tony to MV#1 | 5/26/2013 | 06:46:09 (GMT) | Yes for a cock shot | |
| Tony to MV#1 | 5/26/2013 | 06:46:56 (GMT) | IMG51527.jpg (hand holding penis) | |
| Tony to MV#1 | 5/26/2013 | 06:47:37 (GMT) | Sent | |
| Tony to MV#1 | 5/26/2013 | 06:48:44 (GMT) | Get it? | |
| Tony to MV#1 | 5/26/2013 | 06:56:04 (GMT) | IMG_4764.jpg (hand holding penis) | |
| Tony to MV#1 | 5/26/2013 | 06:56:06 (GMT) | IMG_1374.jpg (hand holding penis) | |
| Tony to MV#1 | 5/26/2013 | 06:58:23 (GMT) | Ur turn now | |
| **MV#1 to Tony** | **5/26/2013** | **06:59:07 (GMT)** | **IMG-20130525-00224.jpg (Count 7)** | |
| Tony to MV#1 | 5/26/2013 | 07:00:46 (GMT) | IMG_2911.jpg (hand holding penis) | |
| Tony to MV#1 | 5/26/2013 | 07:00:47 (GMT) | Take a face pix in the mirro too | |
| Tony to MV#1 | 5/26/2013 | 07:00:47 (GMT) | Close up | |
| Tony to MV#1 | 5/26/2013 | 07:01:22 (GMT) | I will send more too | |
| MV#1 to Tony | 5/26/2013 | 07:02:12 | Can I pass plz | |

| | | | | |
|---|---|---|---|---|
| | | (GMT) | | |
| Tony to MV#1 | 5/26/2013 | 07:02:54 (GMT) | IMG957348.jpg (hand holding penis) | |
| Tony to MV#1 | 5/26/2013 | 07:02:55 (GMT) | No! | |
| Tony to MV#1 | 5/26/2013 | 07:02:55 (GMT) | Take it | |
| MV#1 to Tony | 5/26/2013 | 07:03:09 (GMT) | Fine | |
| MV#1 to Tony | 5/26/2013 | 07:05:10 (GMT) | IMG-20130526-00226.jpg (image of MV#1 holding his phone) | |
| Tony to MV#1 | 5/26/2013 | 07:05:25 (GMT) | Sending it | |
| MV#1 to Tony | 5/26/2013 | 07:05:53 (GMT) | Yes I'm sending it | |
| Tony to MV#1 | 5/26/2013 | 07:07:03 (GMT) | Thank u | |
| Tony to MV#1 | 5/26/2013 | 07:07:05 (GMT) | You are sooooo fuckiung cute!!!!!! | |
| Tony to MV#1 | 5/26/2013 | 07:08:30 (GMT) | Make me a cum video of you shooting into the sink | |
| Tony to MV#1 | 5/26/2013 | 07:08:50 (GMT) | Just make that one now | |
| Tony to MV#1 | 5/26/2013 | 07:09:31 (GMT) | I want the video more then I want anything else plzzzz | |
| Tony to MV#1 | 5/26/2013 | 07:14:02 (GMT) | If u make me that vid I will do that | |
| Tony to MV#1 | 5/26/2013 | 07:14:03 (GMT) | DO IT NOW!!!! | |
| Tony to MV#1 | 5/26/2013 | 07:14:04 (GMT) | Just do it baby | |
| Tony to MV#1 | 5/26/2013 | 07:14:13 (GMT) | Plz | |
| Tony to MV#1 | 5/26/2013 | 07:16:52 (GMT) | I can make a stoking vid | |
| Tony to MV#1 | 5/26/2013 | 07:19:04 (GMT) | It's just I've made you vids but u won't | |
| Tony to MV#1 | 5/26/2013 | 07:21:45 (GMT) | I'm trying to stimulate u | |
| Tony to MV#1 | 5/26/2013 | 07:39:48 (GMT) | Will u do something for me if you won't make me a vid tonight? | |
| MV#1 to Tony | 5/26/2013 | 07:42:37 (GMT) | Do you promise on my eighteen birthday took. Me home woth you and start our lifes togethrt with no one get in our way | |
| Tony to MV#1 | 5/26/2013 | 07:43:03 | YES! | |

*Trial Memorandum*

*13CR2297-JLS*

| | | | | |
|---|---|---|---|---|
| | | (GMT) | | |
| Tony to MV#1 | 5/26/2013 | 07:51:20 (GMT) | I won't sleep good until I've seen you cum for me baby | |
| Tony to MV#1 | 5/26/2013 | 07:52:04 (GMT) | Do a very sexy video | |
| Tony to MV#1 | 5/26/2013 | 07:54:35 (GMT) | I want you do be on your knees over your cum blanket and when you blow take a pic of it all for me | |
| Tony to MV#1 | 5/26/2013 | 08:00:58 (GMT) | Please cum for me | |
| Tony to MV#1 | 5/26/2013 | 08:01:40 (GMT) | Plz plz | |
| Tony to MV#1 | 5/26/2013 | 08:07:05 (GMT) | Wanna vid of me strokin to help | |
| Tony to MV#1 | 5/26/2013 | 08:09:37 (GMT) | capturedvideo.3gp (hand masturbating penis) | |
| Tony to MV#1 | 5/26/2013 | 08:12:25 (GMT) | Show me ur cock right now | |
| MV#1 to Tony | 5/26/2013 | 08:13:23 (GMT) | IMG-20130525-00220.jpg | |
| Tony to MV#1 | 5/26/2013 | 08:18:59 (GMT) | You wanna see me cum? | |
| Tony to MV#1 | 5/26/2013 | 08:20:43 (GMT) | IMG950784.jpg (penis) | |
| Tony to MV#1 | 5/26/2013 | 08:22:34 (GMT) | Sent that thing I wanted to watermarktampa@aol.com | |
| Tony to MV#1 | 5/26/2013 | 08:23:00 (GMT) | Ok I've cleared my phone and I'm gonna go to sleep so be careful of what you send in the AM I might not see my phone first | |
| Tony to MV#1 | 5/26/2013 | 08:25:23 (GMT) | Don't send anything incriminating tomorrow ;$ | |
| Tony to MV#1 | 5/26/2013 | 15:15:40 (GMT) | Ima lil freaked out that your not gonna sit well with the age thing. Please tell me that's not an issue. | |
| MV#1 to Tony | 5/26/2013 | 18:21:52 (GMT) | More pics of florida | 5/26/2013 6:21:36PM (UTC+0) |
| Tony to MV#1 | 5/26/2013 | 18:22:33 (GMT) | Pics of FL? | 5/26/2013 6:22:14PM (UTC+0) |
| MV#1 to Tony | 5/26/2013 | 18:54:38 (GMT) | send me pics of florida | 5/26/2013 6:54:53 PM (UTC+0) |

| | | | | |
|---|---|---|---|---|
| Tony to MV#1 | 5/26/2013 | 19:57:49 (GMT) | IMG954932.jpg (picture of bay) | |
| Tony to MV#1 | 5/26/2013 | 19:57:59 (GMT) | IMG958912.jpg (picture of road) | |
| Tony to MV#1 | 5/26/2013 | 19:58:39 (GMT) | IMG951139.jpg (picture of bay) | |
| Tony to MV#1 | 5/26/2013 | 20:36:48 (GMT) | IMG_0531.jpg (picture of food) | |
| MV#1 to Tony | 5/26/2013 | 20:50:21 (GMT) | When you get home can we plz play together | 5/26/2013 8:50:23 PM (UTC+0) |
| MV#1 to Tony | 5/26/2013 | 21:07:06 (GMT) | Lyrics from a song septembers childeren is a song about the victims of suicide | 5/26/2013 9:07:08 PM (UTC+0) |
| MV#1 to Tony | 5/26/2013 | 21:10:07 (GMT) | Bang bang from the closet wall shot guns load its always darkest before the dawn. . . . | 5/26/2013 9:10:25 PM (UTC+0) |
| MV#1 to Tony | 5/26/2013 | 21:20:24 (GMT) | Bang, bang go the coffin nails, . . . | 5/26/2013 9:20:27 PM (UTC+0) |
| Tony to MV#1 | 5/27/2013 | 01:07:29 (GMT) | IMG957921.jpg (McLeod naked in his bathroom holding his phone) | |
| Tony to MV#1 | 5/27/2013 | 01:07:48 (GMT) | Sent | 5/27/2013 1:07:39 AM (UTC+0) |
| Tony to MV#1 | 5/27/2013 | 01:10:57 (GMT) | Send me one again | |
| Tony to MV#1 | 5/27/2013 | 01:11:18 (GMT) | I wanna see your face with a smile tho | |
| Tony to MV#1 | 5/27/2013 | 01:22:59 (GMT) | Yes love them | |
| Tony to MV#1 | 5/27/2013 | 01:24:26 (GMT) | We gonna play tonight or no | |
| Tony to MV#1 | 5/27/2013 | 01:25:48 (GMT) | Are you gonna send me what I've been wanting to see so badly? | |
| **MV#1 to Tony** | **5/27/2013** | **01:25:54 (GMT)** | **IMG-20130526-00227.jpg (Count 8)** | |
| Tony to MV#1 | 5/27/2013 | 01:27:44 (GMT) | Like? | |
| Tony to MV#1 | 5/27/2013 | 01:31:16 (GMT) | Plz do it for me! :( | |
| Tony to MV#1 | 5/27/2013 | 01:31:32 (GMT) | Plz plz | |

*Trial Memorandum*

*13CR2297-JLS*

| MV#1 to Tony | 5/27/2013 | 01:34:40 (GMT) | IMG-20130526-00228.jpg (Count 9) | |
|---|---|---|---|---|
| Tony to MV#1 | 5/27/2013 | 01:57:32 (GMT) | You can't bring yourself to make a video much less prolly fool around with me.  I'm worried. | 5/27/2013 1:57:25 AM (UTC+0) |
| Tony to MV#1 | 5/27/2013 | 04:46:32 (GMT) | The California state statute basically says that a person 14 years of age or older is competent enough to make decisions of where they're going to live, including emancipation and its guidelines I sent you are at the bottom of the link, it also indicates other options available to 14-year-old-minors and older too | 5/27/2013 4:46:22 AM (UTC+0) |

### 2.    TextNow Records

McLeod's iPhone 5 contained an app called "TextNow."  This app allows users to text for free over the Web.  TextNow users are assigned numbers different than their phone numbers.

McLeod's TextNow app showed that, on May 16, 2013, he had contact with MV#2.  On June 7 and June 10, 2013, McLeod had contact with the number belonging to minor witness #1 ("MW#1").  MW#1 is MV#1's childhood friend and served as a conduit between McLeod and MV#1 after MV#1's phone was confiscated by his family on June 27, 2013.

Enflick, the parent company for TextNow, provided records for accounts subscribed to watermarktampa@aol.com and tonyn2life@aol.com.  The subscriber for these e-mail accounts is Mark Dickerson, an individual identified as McLeod's guardian or adopted father.  Nevertheless, McLeod's iPhone 5 shows that, under the TextNow app, the email address for his profile is watermarktampa@aol.com. Moreover, AOL records and McLeod's employment records show McLeod had or claimed dominion and control over these e-mail accounts.

//

//

Enflick records show multiple text messages on May 16 and 20, 2013, wherein McLeod and MV#2 discussed how MV#2 felt about his home life and an upcoming move.  On May 23, 2013, MV#1 and McLeod exchanged a series of text messages in which McLeod confided in MV#1 that MV#2 was not wearing anything during a Skype conversation between McLeod and MV#2.  MV#1 shared with McLeod how MV#1 wanted McLeod to visit MV#2 and him at school and mentioned what MV#1 could and could not get away with at middle school.

### 3.   MV#2's and McLeod's iPads

In addition to the Enflick records, a forensic analysis of MV#2's and McLeod's iPads revealed some of the same text messages from May 16, 2013:

| MV#2's iPad | | McLeod's iPad | |
|---|---|---|---|
| | | | From |
| | Take a pic of ur nuts | 5/16/2013 4:58:45AM (UTC+0) | Tonyn2life@aol.com |
| | I'll show u mine | 5/16/2013 5:01:03AM (UTC+0) | Tonyn2life@aol.com |
| 5/16/2013 5:07:12 AM (UTC+0) | How many nuts can u bust | 5/16/2013 5:07:13AM (UTC+0) | Tonyn2life@aol.com |
| 5/16/2013 5:07:36AM (UTC+0) | Idk | 5/16/2013 5:07:12AM (UTC+0) | |
| | How many have u in one night | 5/16/2013 5:07:48AM (UTC+0) | Tonyn2life@aol.com |
| | We could take turns fucking each other filling each other full of nut | 5/16/2013 5:08:52AM (UTC+0) | Tonyn2life@aol.com |

Finally, McLeod's iPhone 5 shows a picture of MV#2 with MV#2's contact information under McLeod's Contacts List and also that McLeod and MV#2 were last on Skype on May 30, 2013 at 4:50:23 a.m.

//

//

### III

### PERTINENT LAW

**A.   COERCION AND ENTICEMENT (Counts 1 and 12)**

In order for McLeod to be found guilty of these charges, the United States must prove each of the following elements beyond a reasonable doubt:

First, in or about and between March 2013 and June 11, 2013, the defendant knowingly used the mail or any facility or means of interstate or foreign commerce;

Second, the defendant knowingly persuaded, induced, enticed, or coerced the minor to engage in any sexual activity;

Third, if this sexual activity occurred, the defendant could have been charged with a criminal offense;

Fourth, the defendant knew the minor was an individual who had not attained the age of 18 years.

18 U.S.C. § 2422(b); United States v. Hofus, 598 F.3d 1171, 1178-79 (9th Cir. 2010) (recognizing "a distinction between the intent to persuade or attempt to persuade a minor to engage in a sex act and the intent to actually commit the criminal sex act itself"); United States v. Goetzke, 494 F.3d 1231, 1234-37 (9th Cir. 2007) ("when a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity." ).

**1.   The "Criminal Offense" – Cal. Penal Code § 288.2**

Counts 1 and 12 allege the "criminal offense" as California Penal Code § 288.2, which is Showing or Sending Harmful Matter to Seduce a Minor.  The elements of California Penal Code § 288.2(a)(2) are as follows:

First, the defendant showed, sent, caused to be sent, or distributed harmful material to a minor by telephone, electronic mail, the Internet, or a commercial online service;

Second, when the defendant acted, he knew the character of the material;

Third, when the defendant acted, he knew the other person was a minor or failed to use reasonable care to determine the minor's actual age;

Fourth, when the defendant acted, he intended to sexually arouse, appeal to, or gratify the lust, passions, or sexual desires of himself or of the minor; and,

Fifth, when the defendant acted, he intended to seduce the minor.

Cal. Penal Code § 288(a)(2); California Criminal Jury Instruction § 1140 (showing or sending harmful material to seduce a minor); see United States v. Meek, 366 F.3d 705, 717 (9th Cir. 2004) ("The mere act of sending a sexually graphic photograph to a person believed to be a minor for the purposes of inducing the minor into a sexual act established probable cause of a violation of California Penal Code § 288.2.").

**B.**   **SEXUAL EXPLOITATION OF A MINOR (Counts 2-5, 7-9)**

In order for McLeod to be found guilty of these charges, the United States must prove each of the following elements beyond a reasonable doubt:

First, at the time, MV#1 was under the age of 18 years;

Second, during the date range alleged in the Superseding Indictment, the defendant employed, used, persuaded, induced, enticed, or coerced MV#1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and,

Third, the defendant knew or had reason to know that (a) the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) such visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer; or, (c) such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

Ninth Circuit Manual of Model Jury Instructions for the Ninth Circuit, § 8.181 [ (modified to track language of statute and the Superseding Indictment); <u>United States v. District Court</u>, 858 F.2d 534, 538-41 (9th Cir. 1988) (knowledge of minor's age is not an element under § 2251).

## C.  ATTEMPTED SEXUAL EXPLOITATION OF A MINOR <u>(Counts 6, 13-14)</u>

In order for McLeod to be found guilty of these charges, the United States must prove each of the following elements beyond a reasonable doubt:

First, at the time, the minor alleged in the Superseding Indictment was under the age of 18 years;

Second, on or about and between the date range alleged in the Superseding Indictment, the defendant intended to employ, use, persuade, induce, entice, or coerce the minor alleged in the Superseding Indictment to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct [or for the purpose of transmitting a live visual depiction of such conduct (as to Counts 13-14)];

Third, the defendant intended to know or have reason to know that (a) the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) such visual depiction would be produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer; or, (c) such visual depiction would actually be transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce; and,

Fourth, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

*Trial Memorandum*                                                                 *13CR2297-JLS*

Ninth Circuit Manual of Model Jury Instructions §§ 5.3 and 8.181 (modified to track language of the statute and the Superseding Indictment).

## D.   TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT (Count 10)

In order for McLeod to be found guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

First, on or about June 9, 2013, the defendant traveled in interstate commerce;

Second, the defendant's purpose in traveling in interstate commerce was to engage any illicit sexual conduct with another person.

18 U.S.C. § 2423(b).

### 1.   "Illicit Sexual Conduct"

The term "illicit sexual conduct" means a "sexual act" with a person less than 18 years of age.

The term "sexual act" means (A) contact between the penis and the anus, and this contact involving the penis occurs upon penetration, however slight; (B) contact between the mouth and the penis, or the mouth and the anus; (C) the penetration, however slight, of the anal opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2); 18 U.S.C. § 2423(f).

## E.   TRANSPORTATION OF A MINOR (Count 11)

In order for McLeod to be found guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

First, on or about and between June 10, 2013 and June 11, 2013, the defendant transported MV#1 from California to Florida;

Second, the defendant did so with the intent that MV#1 engage in any sexual activity for which any person can be charged with a criminal offense; and,

Third, MV#1 was under the age of eighteen years at the time.

Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.181 (modified as to "sexual activity")].

### 1.   The "Criminal Offense" – Fla. Stat. § 800.04(5)(a)

Count 11 alleges the "criminal offense" as Florida Stat. Section 800.04(5)(a), Lewd or Lascivious Molestation.  The elements of Florida Stat. Section 800.04(5)(a) are:

First, the victim was 12 years of age or older but less than 16 years of age;

Second, the defendant in a lewd or lascivious manner intentionally (a) touched the genitals, genital area, clothing covering the genitals, or clothing covering the genital area of the victim; or, (b) enticed the victim to touch the genitals, genital area, clothing covering the genitals, or clothing covering the genital area of the defendant; and,

Third, the defendant was 18 years of age or older at the time of the offense.

The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent of the part of the person doing the act.

Neither the victim's lack of chastity nor consent is a defense to offense.

The defendant's ignorance of the victim's age, the victim's misrepresentation of his age, or the defendant's bona fide belief of the victim's age is not a defense to the criminal offense.

Florida Standard Jury Instructions in Criminal Cases § 11.10(c);  In re Standard Jury Instructions In Criminal Cases-Report No. 2008-02, 998 So. 2d 1138 (Fl. 2008).

//
//
//
//

**F.     CRIMINAL FORFEITURE – 18 U.S.C. § 2253 and 2428**

The United States will establish that the items listed in the Superseding Indictment were used in the commission of the offenses charged.

**1.     General Procedures**

Entry of an order of forfeiture in a criminal case is considered a part of sentencing.  Libretti v. United States, 516 U.S. 29, 37-40 (1995).  Nevertheless, the factual determination as to whether any property was involved in or derived from an offense is a matter submitted to the jury if requested by either the United States or McLeod.  Fed. R. Crim. P. 32.2(b).  If a timely request for bifurcated proceedings is made, certain procedures are required at trial.  In the Ninth Circuit, a modified bifurcated procedure is necessary.  In United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988), the Ninth Circuit stated:

> We therefore exercise our supervisory power to hold that trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations and allowing argument of counsel.  The trial judge may exercise discretion in deciding whether or not to hold an evidentiary hearing.

The sole issue to be determined by a jury in a bifurcated trial is whether the United States has established the requisite nexus between the property and the offense committed by McLeod.  The jury does not order the forfeiture of property, nor does it consider third-party claims.  Fed. R. Crim. P. 32.2(b), (c).  In this regard, the United States will submit separate proposed jury instructions and a proposed special verdict form.  The jury's special verdict will serve as the basis for this Court to enter a preliminary order of forfeiture.  Fed. R. Crim. P. 32.2(b)(2), (3).  The final order of forfeiture will follow notice and advertisement of the preliminary order and will address any third-party claims.  Fed. R. Crim. P. 32.2(b)(2), (c).

The United States requests that the jury in the first instance not be informed of the criminal forfeiture count, but hear evidence on, and deliberate as to, Counts 1 through 14.  In the event that the jury returns a verdict of guilty on Counts 1 through

14 listed in the Superseding Indictment, then they should hear argument from counsel on the forfeiture allegations and be instructed and deliberate as to the criminal forfeiture allegations.

The United States does not believe that additional evidence on the forfeiture is likely to be necessary. Rather, a special verdict should be provided to the jurors for their use, if they are called upon to deliberate on the nexus between the criminal activity that forms the basis for the convictions and the criminal forfeiture allegations.

**2.    Burden of Proof**

The burden of proof upon the United States to support a special verdict of forfeiture is "preponderance of the evidence" rather than "beyond a reasonable doubt." United States v. Hernandez-Escarsega, 886 F.2d 1560, 1566-67 (9th Cir. 1989).

**3.    Exclusion of Claims of Third-Party Ownership**

Evidence, if any, of interest held by third parties in the property the United States is seeking to forfeit is irrelevant in the criminal phase of this trial. The jury does not consider whether McLeod has an interest in the property to be forfeited; nor does the jury determine the extent of McLeod's interest in any property to be forfeited. These matters are considered by the Court in the ancillary proceedings, following the jury's special verdict and entry of the preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b), (c); Advisory Committee Note to Subsection (b).

The United States seeks to forfeit the interest held by McLeod in the property. The claims of any third parties to the property are dealt with in the ancillary proceeding after the order of forfeiture. Title 21, United States Code, Section 853(n) sets forth specific procedures to be used by third-party claimants to forfeited property, all of which take place following an order of forfeiture. Claims of third party ownership may not defeat the initial forfeiture proceedings or an order of forfeiture issued thereon, but are separate, post-order matters. Evidence of any third-party ownership of the property should be excluded until an order forfeiting all of McLeod's right, title, and interest in the property has issued.

//

# IV

## WITNESSES

The United States reserves the right to add, omit, substitute or change the order of witnesses.   Presently, the United States reserves the right to call the following witnesses during its case-in-chief:

1.     C.M.

2.     L.M.

3.     Detective Damian Jackson, Escondido Police Department

4.     Sergeant Patrick J. Gray, Tampa Police Department

5.     Officer Julio Martinez, Tampa Police Department

6.     Detective Stephen Powers, Tampa Police Department

7.     Sergeant Douglas Burkett, Tampa Police Department

8.     FBI Special Agent Sharna Skjei (retired)

9.     FBI Special Agent Matthew Perkins

10.     Sarah Kranz, Computer Forensic Examiner

11.     MV#1

12.     MV#2

13.     Darren Bennett, Computer Scientist

14.     Dr. Anthony Urquiza, Victim Witness Expert

# IV

## <u>EXHIBITS</u>

A final exhibit list will be provided at trial.   The United States anticipates offering the following exhibits at trial, all of which have been produced to counsel. The United States reserves the right to add, delete or amend its exhibit list.

1.     MV#1's Phone and PlayStation3

2.     MV#2's Phone, iPad, Thumb drive, and PlayStation3

3.     McLeod's iPhones, iPad, PlayStation3, Identification and Credit Cards

4.     Cellebrite Reports from MV#1's, MV#2's and McLeod's Devices

5.     Battlefield3 Demo and Images of Characters

6.     Electronic Arts Records

7.     Enflick Records

8.     AOL Records

9.     Facebook Records

10.    Skype Records

11.    McLeod's Employment Records

12.    McLeod's Education Records

13.    IP address Records

14.    JetBlue Airline Records

15.    Enterprise Records

16.    Doubletree Records

17.    Photographs and Video from MV#1's Middle School

18.    LAX Video

19.    Delta Airline Records

20.    Sexually Explicit Images and Video from MV#1's phone

21.    Images of MV#1, MV#2 and McLeod from McLeod's devices

22.    Exhibits Comparing and Contrasting Content within MV#1's, MV#2's and McLeod's Devices, and also Enflick and Verizon records

23.    Email with Attachments Sent by MV#1 to family members

24.    Photographs from TPD of McLeod's Apartment, Car, and Carry-On Bag

//

//

//

//

//

//

//

*Trial Memorandum*                                                 *13CR2297-JLS*

# VII

## PROPOSED VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury instructions:

1.  Of those of you who have sat on criminal juries, did you reach a unanimous verdict?

2.  Has anyone had an unpleasant experience with any law enforcement personnel?

3.  Has anyone had any disputes with any agency of the United States Government?   How about the Federal Bureau of Investigation?   How about your local police department?

4.  Have you, your relatives, or your close friends been investigated, arrested, accused, or charged with a crime? A sex crime? A sex crime involving children?

5.  Does everyone understand that, as a juror, your duty is to apply the law regardless of whether you disagree with it?

6.  Does everyone understand that, as a juror, you are not to consider prejudice, pity, or sympathy in deciding whether Defendant is guilty or not guilty?

7.  Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether Defendant is guilty or not guilty? Does anyone think they cannot decide whether a person is guilty or not guilty?

8.  Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

9.  Do any of you believe that a person should be permitted to look at or do anything in the privacy of their home or on the Internet without getting into trouble?

10. Do any of you use your smartphone to take pictures or videos? Do any of you save pictures or video on your phones?  Have you retrieve deleted pictures or video?

11. How many of you use computers on a daily basis?  Do any of you have any specialized computer knowledge such as working in an IT department or in computer forensics?

12. Defendant in this case is charged with a federal offense that makes it unlawful to produce images involving minors engaged in sexually explicit conduct.  I refer to this law using specific terms because these terms have very particular meaning.  For example "minor" means less than 18 years of age.  "Sexually explicit conduct" has a very specific meaning.  But for the purpose of this *voir dire* examination, I am going to refer to the offense charged with the more familiar, short-hand characterization: production of "child pornography." Do any of you believe that producing, possessing, downloading or viewing child pornography should not be against the law?

13. If selected as a juror, you will have to view images of minors engaged in sexual conduct and/or hear descriptions of what is depicted in the images. These images may be distasteful, offensive, and unpleasant to view. However, the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service.  Many cases, both criminal and civil, involve unpleasant things. If we excused prospective jurors on the ground that jury duty makes demands - including some unpleasant demands - then we could not function.  Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness.  Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror - that is to consider all of the evidence and follow the law - simply because images depicting child pornography will be presented as evidence in the trial?

14. Some people are of the mistaken belief that possessing, producing or distributing child pornography is an activity that is protected by the Free Speech Clause of the First Amendment to our Constitution, or may otherwise be constitutionally protected activity.  I tell you that - as a matter of law - this is not the case.  Congress has passed laws which make it a criminal offense to produce, distribute and possess child

pornography, and such activity is not protected by the First Amendment or by any other Constitutional right.  Before I informed you just now that the production, transportation, or possession of child pornography was not constitutionally protected conduct, did you believe that it was?  Do you believe that such activity should be protected by the First Amendment to the United States Constitution as free speech, or by any other provision of the Constitution?  Would you have any difficulty abiding by my instruction to you that such activity is not - as a matter of law - protected by the First Amendment to the United States Constitution or by any other provision of the Constitution?

15.   Does anyone believe that taking sexually explicit photographs of minors should be legal?

16.   This case also involves the charges of coercion and enticement of minors. Does anyone have strong viewpoints about sexual contact with minors under the age of 18?

17.   Does anyone think it's OK for an adult to engage in sexually explicit conversations                    with                    a                    minor?

18.   Is anyone aware of age of consent laws regarding minors?  Even if you believe a minor voluntarily participated in the sexually explicit conduct, would you be able to apply the law as given that a minor under the age of 18 cannot consent to this conduct alleged in this case?

19.   If there was evidence that the alleged minors appeared to be involved with Defendant in any way, i.e., in a friendship, or a dating relationship, would that create a bias on your part in favor or against Defendant?

The United States respectfully reserves the right to submit additional questions prior to trial.

//

//

//

//

//

*Trial Memorandum*                                                                                      *13CR2297-JLS*

# VIII

## <u>JURY INSTRUCTIONS</u>

The United States proposes jury instructions in accordance with this Court's chamber rules.  The United States reserves the right to submit additional instructions at the Fed. R. Crim. P. 30 conference.


DATED:      January 14, 2015      Respectfully submitted,


LAURA E. DUFFY
United States Attorney

<u>s/ Charlotte E. Kaiser</u>
CHARLOTTE E. KAISER
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  13CR2297-JLS |
| Plaintiff, | |
| v. | **PROOF OF SERVICE** |
| TONY LEE McLEOD,<br>   aka "Tony," | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Charlotte E. Kaiser, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of United States' Trial Memorandum form on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.      Leila W. Morgan and Michelle Betancourt

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1.      None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: January 14, 2015          /s/Charlotte E. Kaiser
                                     Assistant United States Attorney