LAURA E. DUFFY
United States Attorney
CHARLOTTE E. KAISER
Cal. State Bar No. 256356
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7282
charlotte.kaiser@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TONY LEE McLEOD, aka "Tony," Defendant. | Case No.: 13CR2297-JLS<br><br>Date: October 13, 2015<br>Time: 9:00 a.m.<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR A NEW TRIAL** |

The UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Charlotte E. Kaiser, Assistant U.S. Attorney, hereby files its Response to Defendant's Motion for a New Trial.

**I.**

**INTRODUCTION**

The interest of justice does not support a new trial on Counts 2-9 or Count 13 (the child pornography production counts). Rather than establishing that this is an exceptional case meriting relief under Federal Rule of Criminal Procedure 33, Defendant's motion raises unremarkable complaints about the admissibility of evidence showing that Defendant engaged in sexual contact with minor victim #1.

But Defendant essentially concedes that the evidence was relevant and admissible at trial to prove his convictions under 18 U.S.C. §§ 2423(a) and 2423(b) (Counts 10 and 11). Accordingly, the motion for a new trial is no more than a renewed motion for severance, which this Court already denied. Because Defendant failed to renew his motion for severance at the conclusion of the case, it has been waived. *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990).

Even on the merits, Defendant cannot demonstrate that the interest of justice requires a new trial here. As courts have recognized, evidence of sexual contact is relevant and admissible in a case involving the production of child pornography. Moreover, the evidence of Defendant's guilt on the § 2251 counts was overwhelming. For those reasons, as set forth below, Defendant's motion for a new trial should be denied.

## II.

## LEGAL STANDARDS

Pursuant to Federal Rule of Criminal Procedure 33(a), a court may "grant a new trial if the interest of justice so requires." Defendant bears the burden of justifying a new trial. *See United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). The decision to grant a new trial rests in the sound discretion of the court. *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981); *accord United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004) (reviewing the denial of a motion for new trial pursuant to Rule 33(a) under an abuse of discretion standard). "It should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'" *Pimentel*, 654 F.2d at 545, (quoting 2 Wright, Federal Practice and Procedure, Criminal § 553 at 487 (1969)). This is not an "exceptional case" requiring post-conviction relief.

## III.

## ARGUMENT

Under the guise of a motion for a new trial on the production of child pornography counts, Defendant renews his pre-trial argument that the evidence of his sexual contact with MV#1 was inadmissible and resulted in substantial prejudice as to the production of child pornography counts. More specifically, Defendant claims that the Court denied his pre-trial motion for severance in the event that Defendant would argue that he would not have sexually explicit exchanges with MV#1 had he known MV#1 was a minor. Defendant contends that he never raised this defense during trial, stripping the sexual contact evidence of any relevance on his production counts. Defendant argues that this purportedly inadmissible evidence prejudiced him because it resulted in the jury believing Defendant knew MV#1 was a minor at the time of the sexually explicit exchanges and had an "emotional impact" on the jury. Def. Mot. at 6.

Defendant's motion is, essentially, a renewed motion for severance. *See* Docket Num. 96, Def. Mot. to Sever at 2, 4 ("The Testimony Regarding Sexual Contact is Not Relevant to the Production Counts" and "The Prejudicial Effect of This Evidence Requires Severance"). He never argues in his motion (nor could he) that the evidence was inadmissible to support the §§ 2423 offenses. *See, e.g, United States v. Long,* 328 F.3d 655 (D.C. Cir. 2003) (In a 18 U.S.C. § 2423(a) case, admitting testimony from victims who were not minors at the time of the offense conduct under Rule 404(b) over a Rule 403 objection due to "the probative strength of the witnesses' testimony regarding strikingly similar conduct and the government's need to respond to Long's defense"). Because the evidence was admissible, it is only the "spillover" effect that Defendant now challenges. That is, at base, a renewed motion for severance.

But Defendant did not renew this motion at the close of evidence. He has, accordingly, waived his motion for severance. *United States v. Drummondo-Farias*,

__ Fed. Appx. __, 2015 WL 4638264, at *1 n.1 (9th Cir. 2015) (noting a Rule 14 motion to sever is waived unless it is renewed at the close of evidence); *id.* ("While it is clear that a Rule 14 motion to sever must be renewed at the close of the evidence or it is waived, . . . . there is no such requirement for a Rule 8 motion." *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990)). As the Ninth Circuit has instructed, "[a] Rule 14 motion must be renewed in order to allow the trial court to assess whether the joinder was prejudicial and to prevent a defendant from deliberately failing to make a meritorious motion and waiting to see what verdict the jury returns." *Terry*, 911 F.2d at 277. That is precisely the tactic that Defendant attempts now. *See, e.g.*, Def. Mot. at 3 ("The evidence of sexual contact introduced in Mr. McLeod's trial was precisely the kind of evidence that, were its inadmissibility predictable before trial, would warrant severance of counts. Now, post-trial and with the benefit of hindsight, it is clear that the evidence was not only inadmissible but highly prejudicial."). Defendant cannot overcome waiver by characterizing his severance motion as a motion for a new trial. Accordingly, his motion for a new trial must be denied.

Regardless, the sexual contact evidence did not unfairly prejudice the Defendant on the production counts.[1] Courts have repeatedly admitted sexual contact evidence under Rule 404(b) of the Federal Rules of Evidence[2] in production of child pornography cases. *See, e.g.*, *United States v. Roux*, 715 F.3d 1019, 1025-27 (7th Cir. 2013) (upholding the admission of evidence of on-going sexual contact at the time the

---

[1] Defendant cites *Ruvalcaba v. United States* and *Leahy v. United States* to claim that it is sufficient to show "substantial prejudice" to obtain a new trial. Def. Mot. at 3. *Ruvalcaba* was a civil trial and did not discuss Federal Rule of Criminal Procedure 33 at all. *Leahy* dealt with a district court's view that it could not reverse a conviction even though evidence had been introduced that had been obtained in violation of 18 U.S.C. § 3109. The Ninth Circuit actually upheld the admissibility of the evidence. In any event, the standard is whether the interest of justice commands a new trial.

[2] This evidence also is admissible under Rule 414 of the Federal Rules of Evidence when the victim is under 14 years at the time of the contact. Here, MV#1 was a couple months past that age. Nonetheless, this Rule lends further support for the admission of the sexual contact evidence.

defendant produced the images of the minor in a production of child pornography case to show the defendant's motive and his sexual interest in children); *United States v. Russell*, 662 F.3d 831, 844-48 (7th Cir. 2011) (upholding the admission of evidence of prior sexual contact in a production of child pornography case to show the defendant's motive and intent); Docket Num. 97, Resp. to Def. Mot. to Sever at 7-9 (addressing the relevance of the sexual contact evidence as to the production of child pornography counts and citing applicable case law).  Consistent with that authority, this Court ruled that the sexual contact evidence was admissible and relevant for the production counts, in part to rebut Defendant's defense that he did not know and could not reasonably have learned that MV#1 and MV#2 were under 18 years of age. *See, e.g.*, Docket Num. 114, Court's Jury Instruction No. 14, 8.186 Sexual Exploitation of Child-Defense of Reasonable Belief of Age.  Moreover, the sexual contact evidence tended to rebut Defendant's theory of defense as his attorney articulated it in his opening statement:  that he was innocent because he thought he was engaging in fantasy play with both victims, and then turned into a rescuer when he determined MV#1 was an abused or neglected minor. *See* Docket Num. 90, Status Report and Supplemental Briefing at 15 ("Additionally, to the extent defense argues McLeod was engaging in adult fantasy role play or only was rescuing MV#1 from an abusive home situation, the United States' hands will be unfairly tied [should MV#1 be barred from testifying about the sexual contact]."). The sexual contact evidence was thus admissible because it demonstrated that none of Defendant's tactics to coerce or entice MV#1 or MV#2 to produce the images were due to some sort of fantasy play.  His sexual interests in the minor was real (not fantasy), as established by the evidence showing that he engaged in sexual contact with MV#1.  At bottom, just as in *Roux* and as in *Russell*, Defendant's willingness to engage in sexual activity with MV#1 established his motivation and intent in trading sexually explicit texts with MV#1: Defendant's sexual interest in MV#1 (as demonstrated by his sexual acts) led to his request for MV#1's images.

Defendant nonetheless argues that his defense was that he did not know MV#1 was a minor, not that he would have refrained from asking for sexually explicit photographs and videos had he known MV#1 was a minor. See Def. Mot. at 6. Even if that were true (contrary to his opening statement), he offers no case that holds a demonstrated sexual interest in a child who was sexually exploited is inadmissible in a production of child pornography trial involving that same child. Instead, Defendant cites simply to cases about improper or prejudicial joinder. None discusses the admissibility of evidence in a child sexual exploitation case. For example, *Bean v. Calderon*, 163 F.3d 1073, 1084 (9th Cir. 1998), concerned improper joinder of two different indictments charging the defendant with murder, robbery, and burglary of different victims on different occasions. The Ninth Circuit found that the joinder allowed the jury to rely impermissibly on stronger evidence applicable to charges in one indictment that otherwise would be inadmissible as to charges in the other indictment. *Id.* *United States v. Lewis*, 787 F.2d 1318, 1321-23 (9th Cir. 1986), held that the defendant was prejudiced by the trial court's failure to sever his felon in possession of a firearm count from a killing to avoid bank larceny count where the prior felony conviction was not admissible as to the killing count and the jury could infer bad character from the firearm count and apply it to the killing count, which also was a weaker case. *United States v. Halper*, 590 F.2d 422, 430-32 (2d Cir. 1978), held that the defendant was prejudiced as a result of improper joinder of two separate indictments that concerned unrelated transactions as to different and distinct offenses of Medicaid fraud and tax fraud, respectively. *Id.* The Second Circuit determined that joinder impermissibly permitted the cross-admissibility of evidence that otherwise would be inadmissible had each indictment been tried separately. *United States v. Foutz*, 540 F.2d 733, 738 (4th Cir. 1976), held prejudicial joinder of two separate bank robberies where one robbery had stronger evidence as to the defendant's guilt than the other robbery. *Drew v. United States*, 331 F.2d 85, 90-94 (D.C. Cir. 1964), concerned prejudicial joinder in a robbery and attempted robbery case wherein the D.C. Circuit

found that there were no similarities as to the manner of the commission of the crimes and the jury likely was confused or misused the evidence in rendering the verdict. In contrast, the sexual contact evidence was admissible independent of the §§ 2423 charges, for the § 2251 offenses alone.

Moreover, several of the cases Defendant cites upheld the denial of defendant's motions about improper joinder for reasons that should control Defendant's motion here. In *United States v. Jawara*, 474 F.3d 565, 581 (9th Cir. 2007), the Ninth Circuit found no prejudice in a marriage and document fraud case despite misjoinder of counts where the jury was instructed to consider each count separately, just as the jury in Defendant's case was instructed by this Court. *See* Docket Num. 114, Court's Jury Instruction No. 10, 3.11 Separate Consideration of Multiple Counts. In *Blunt v. United States*, 404 F.2d 1283, 1288-90 (D.C. Cir. 1968), the D.C. Circuit rejected the defendant's arguments about improper and prejudicial joinder in a case involving robbery, fraud by wire, forgery and utterings where the same evidence was admissible as to the separate offenses – just as in Defendant's case. Finally, in *United States v. Drummondo-Farias*, __ Fed. Appx. __, 2015 WL 4638264 (9th Cir. 2015), the Ninth Circuit upheld joinder in a conspiracy and distribution of methamphetamine case where the counts "relate to dealing methamphetamine in Hawaii within a relatively short period of time." So here. As the United States pointed out in a prior filing before this Court,

> All of the evidence at issue [as to the sexual contact] relates to the course of conduct between McLeod and MV#1 over a short period of time, beginning with their initial communications in April 2013 and ending with their apprehension in Tampa, Florida.

Docket Num. 97, Resp. to Def. Mot. to Sever at 8.

Moreover, Defendant's assertion that the sexual contact evidence had no "independent evidentiary value" and resulted in an "emotional impact" on the jury must be rejected. In support of this assertion,

Defendant relies on *United States v. Matelich*, 474 F.2d 596, 598 (9th Cir. 1973), a bankruptcy fraud case in which the Ninth Circuit held that the defendant was prejudiced by the admission of improperly received exhibits because that evidence impeached the defendant's credibility, which was central to his defense. That is not the case here. As explained pre-trial and summarized above, the evidence was independently admissible against the Defendant on the § 2251 offenses.

Finally, this is not the "exceptional case[] in which the evidence preponderates heavily against the verdict." *Pimentel*, 654 F.2d at 545. To the contrary, the jury heard and credited overwhelming evidence that Defendant knowingly produced child pornography involving MV#1 and MV#2, knowing that MV#1 and MV#2 were minors. For example, the United States introduced evidence that:

- Both MV#1 and MV#2 testified that they were minors.
- Both MV#1 and MV#2 testified that Defendant knew they were in middle school before the exchange of any sexually explicit images.
- Defendant had text messages with MV#1 and MV#2 that corroborated MV#1's and MV#2's testimony that they told Defendant that they were in middle school and also subject to parental supervision before the exchange of any such images.
- Defendant had photographs along with contact information as to MV#1 and MV#2 in his mobile devices that showed what MV#1 and MV#2 looked like at the time Defendant began communicating with them.
- The text messages between Defendant and MV#1 or MV#2 showed that, even after learning MV#1 and MV#2 were in middle school and subject to parental supervision, Defendant requested these minors to take sexually explicit images of themselves and send them to Defendant.
- The text messages, including those involving sexual explicit statements, were located not only on mobile devices belonging to the minors but also on devices

    such as an iPhone and iPad belonging to Defendant. As to Defendant's devices, these messages had been deleted on those devices.

- Defendant made post-arrest statements such as that he met MV#1 through MV#2 and that he soon determined that MV#1 was an abused or neglected minor.
- During his post-arrest statement, Defendant denied any exchange of sexually explicit messages or images with MV#1 and thus contradicted his trial defense that he thought he was engaging in fantasy play. Rather, Defendant claimed in his post-arrest statement that MV#1 was in "fantasyland."

    Despite bearing the burden to show that a new trial is necessary, Defendant does not even attempt to contend with the overwhelming evidence of his guilt. Nor can he. The sexual contact evidence was negligible in comparison to the vast amount of evidence that proved Defendant's guilt as to the production counts and, in fact, as to the travel with intent and transportation counts. Indeed, the United States barely acknowledged this sexual contact evidence throughout trial.

    Because the Court carefully considered the admissibility of the challenged evidence, because the evidence on Defendant's guilt was otherwise overwhelming, and because the interest of justice cuts in favor of the jury's verdict --- and not against it --- Defendant's motion for a new trial should be denied.

//
//
//
//
//
//
//
//

# IV.
# CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion for a new trial as to the production of child pornography counts.

DATED: October 6, 2015              Respectfully submitted,

                                        LAURA E. DUFFY
                                      United States Attorney

                                        /s/Charlotte E. Kaiser
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>TONY LEE McLEOD,<br>     aka "Tony",<br><br>          Defendant. | Case No.:  13CR2297-JLS<br><br>**PROOF OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Charlotte E. Kaiser, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of United States' Response to PSR Objections on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Leila W. Morgan, Esq.

    2.    Michelle Betancourt, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: October 6, 2015          /s/Charlotte E. Kaiser
                                                      Assistant United States Attorney