THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE PRESIDING

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | OCTOBER 13, 2015 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | NO. 13-CR-2297-JLS |
| | ) | |
| TONY LEE MCLEOD, | ) | |
| | ) | SENTENCING HEARING |
| DEFENDANT. | ) | |

---

FOR THE PLAINTIFF:
CHARLOTTE E. KAISER
U.S. ATTORNEY'S OFFICE
SOUTHERN DIST. OF CALIFORNIA
CRIMINAL DIVISION
880 FRONT STREET, SUITE 6293
SAN DIEGO, CA 92101

FOR THE DEFENDANT:
LEILA W. MORGAN
MICHELLE BETANCOURT
FEDERAL DEFENDERS OF SAN DIEGO
225 BROADWAY, SUITE 900
SAN DIEGO, CA 92101-5008

THE COURT REPORTER: GAYLE WAKEFIELD, RPR, CRR

OCTOBER 13, 2015

MORNING SESSION

THE CLERK: NUMBER ONE ON THE CALENDAR, 13-CR-2297, UNITED STATES VS. TONY LEE MCLEOD, FOR SENTENCING.

MS. MORGAN: GOOD MORNING, YOUR HONOR, LEILA MORGAN AND MICHELLE BETANCOURT, FEDERAL DEFENDERS, ON BEHALF OF MR. MCLEOD. HE'S IN CUSTODY, AND HOPEFULLY SOMEBODY HAS AN UPDATE ON --

MS. KAISER: GOOD MORNING, YOUR HONOR, CHARLOTTE KAISER ON BEHALF OF THE UNITED STATES.

THE COURT: THE UPDATE IS THIS, THAT MR. MCLEOD IS IN THE EMERGENCY ROOM WITH FACIAL INJURIES. I DON'T KNOW EXACTLY WHAT TIME THAT HAPPENED, SO HE'S NOT EN ROUTE TO THE COURT.

MS. MORGAN: I CAN ATTEST THAT IT HAPPENED AT SOME POINT AFTER 5:00 LAST NIGHT.

THE COURT: BECAUSE YOU SAW HIM AT THAT TIME.

MS. MORGAN: I SAW HIM YESTERDAY BETWEEN 3 AND 5. I LEFT AT 5, AND HE WAS FINE. I UNDERSTAND THAT HE MADE A PHONE CALL AT ABOUT 7:30 LAST NIGHT AND WAS FINE, SO SOMETIME BETWEEN 7:30 AND THIS MORNING.

THE COURT: I'VE TOLD YOU EVERYTHING I KNOW. SO HE'S NOT COMING THIS MORNING. WHAT I WOULD SUGGEST WE DO IS THIS, WE -- FOR A CASE THAT TOOK EIGHT DAYS TO TRY, I PROBABLY TOOK AS MUCH TIME GOING THROUGH THE MATERIAL THAT'S BEEN PRESENTED THUS FAR. IT'S VOLUMINOUS. IT'S IMPORTANT. IT'S SIGNIFICANT

IN EVERY RESPECT. I UNDERSTAND WE HAVE NUMEROUS PEOPLE HERE WHO WANTED TO SPEAK AND ADDRESS THE COURT, WHICH IS APPROPRIATE AND, OF COURSE, WAS GOING TO BE PERMITTED.

LATE THIS WEEKEND, I DON'T KNOW WHAT TIME I GOT THEM ON YESTERDAY, YOU'RE MAKING A MOTION FOR SOME THINGS, AND I WAS HOPING THAT BETWEEN NOW AND WHENEVER WE PUT THIS OVER TO YOU COULD FILE UNDER SEAL SOMETHING SO THAT I WOULD KNOW WHAT WE ARE REALLY TALKING ABOUT BECAUSE I CANNOT TELL FROM YOUR PAPERWORK, MA'AM, BUT IT'S CLEAR THAT WE'RE NOT GOING FORWARD TODAY, WHICH IS EXTRAORDINARILY UNFORTUNATE GIVEN ALL THE PEOPLE THAT ARE HERE IN THE COURTROOM TODAY.

I SEE DR. KALISH. I ASSUME DR. CLIPSON IS HERE.

MS. MORGAN: YES. YOUR HONOR, I'M HAPPY TO -- I FILED THAT MOTION SATURDAY MORNING EARLY BASICALLY BECAUSE THE ISSUE AROSE AT ABOUT 5:30 FRIDAY NIGHT, AND I HAD NO OTHER WAY TO ALERT THE COURT THAT THERE WAS THIS ISSUE. I'M HAPPY TO FILE EX PARTE EXACTLY WHAT IT IS, AND MAYBE WE CAN -- I HAVE A SOLUTION TO THE ISSUE THAT DOESN'T REQUIRE -- WOULDN'T REQUIRE AN EXTENDED CONTINUANCE OR ANYTHING LIKE THAT OF THE CASE, BUT WOULD COVER ALL THE ETHICAL BASES, IF THE COURT WOULD PERMIT ME.

THE COURT: WELL, I HAVE AN AWFUL LOT OF QUESTIONS, AND I DON'T KNOW WHAT AUTHORITY YOU'RE RELYING ON FOR WHAT YOU'RE PROPOSING TO DO.

MS. MORGAN: IT'S SPECIFIC TO THE CONFLICT ISSUE, YOUR

HONOR.

THE COURT: WELL, I UNDERSTAND THAT, MA'AM, BUT THERE'S STILL AUTHORITY THAT NEEDS TO BE FOLLOWED.

MS. MORGAN: I'M HAPPY TO FILE THAT UNDER SEAL THEN.

THE COURT: I THINK THAT MIGHT BE BETTER, MS. MORGAN.

MS. MORGAN: THAT'S FINE.

MS. KAISER: UNDER SEAL AND EX PARTE OR JUST UNDER SEAL?

MS. MORGAN: THE PROBLEM IS THAT IN ADDRESSING THIS ISSUE WITH THE COURT, I'M CONCERNED THAT I MAY HAVE TO REVEAL CONFIDENTIAL CLIENT INFORMATION IN ORDER TO MAKE THE COURT AWARE OF WHAT THE ETHICAL PROBLEMS ARE. I THINK EX PARTE UNDER SEAL WOULD BE BETTER. THAT'S GENERALLY HOW CONFLICT ISSUES ARE HANDLED. THE GOVERNMENT ISN'T A PARTY TO THIS.

THE COURT: DID MS. KAISER KNOW ANY OF THIS BEFORE YOU FILED YOUR MOTION?

MS. KAISER: I SAW IT SATURDAY MORNING --

MS. MORGAN: I EMAILED HER SATURDAY MORNING AS I FILED THE MOTION.

MS. KAISER: -- AND I JUST COMMUNICATED WITH HER AND ASKED HER IF WE SHOULD CALL OFF OUR WITNESSES, AND WE HAD DISCUSSED -- SHE INDICATED THE WITNESSES WERE STILL COMING ON HER END, SO I DIDN'T -- NOT KNOWING I --

MS. MORGAN: I DIDN'T WANT TO PRESUME TO SAY WE SHOULD CALL EVERYBODY OFF BECAUSE THE COURT HADN'T HAD AN OPPORTUNITY

TO WEIGH IN, AND I WASN'T SURE -- THERE'S MULTIPLE SOLUTIONS TO THIS ISSUE, SOME OF WHICH WOULD ALLOW SENTENCING TO GO FORWARD TODAY. KNOWING HOW MUCH WE HAD FILED, AND HOW MUCH WORK THE COURT HAD PUT IN, I DIDN'T WANT TO SHOW UP HERE PRESUMING THAT THE COURT WOULDN'T GO FORWARD. I DIDN'T THINK THAT WAS APPROPRIATE.

THE COURT: I THINK MAYBE WE NEED TO SLOW TO THE POINT WHERE WE RESOLVE THIS ISSUE AND NOT BRING THESE INDIVIDUALS, BOTH THE PROFESSIONAL INDIVIDUALS AND, MOST SIGNIFICANTLY, THE VICTIMS IN THIS CASE FORWARD ON ANOTHER BASIS WHEN WE'RE NOT GOING TO GO FORWARD POSSIBLY. POSSIBLY, AND I DON'T KNOW BECAUSE I CAN'T REALLY TELL MUCH BASED ON WHAT YOU'VE DONE. I UNDERSTAND WHY YOU DID IT THAT WAY, MS. MORGAN, AND I'M NOT BEING CRITICAL IN SAYING THAT, BUT I WOULD LIKE TO GET SOMETHING IN WRITING SO I COULD HAVE SOME CONTEMPLATIVE TIME WITH IT.

MS. BETANCOURT: YOUR HONOR, WE COULD FILE TODAY A DECLARATION OUTLINING WHAT EXACTLY IT IS SO THE COURT UNDERSTANDS WHERE WE'RE COMING FROM AND WHAT OUR PROPOSED SOLUTION WOULD BE. WE'VE DONE IT IN ANOTHER -- I THINK THE REQUEST WAS FOR JUST APPOINTMENT OF COUNSEL JUST AS TO ONE SPECIFIC ISSUE TO SEE IF, IN FACT --

THE COURT: HERE'S MY CONCERN, AND YOU MAY HAVE DONE IT IN OTHER CASES, CAN YOU REALLY WALL YOURSELF OFF FROM A CONFLICT AND KIND OF BUNDLE YOURSELF IN THAT FASHION? THAT'S

THE CHALLENGE I THINK YOU HAVE, AND I'M NOT SURE YOU CAN.

MS. MORGAN: WELL, I THINK THAT THERE'S A VERY STRONG LIKELIHOOD THAT THE INDEPENDENT COUNSEL, AFTER MEETING WITH THE APPROPRIATE PEOPLE, THE GOVERNMENT AND MR. MCLEOD, COULD REASONABLY SAY THIS CAN NEVER RIPEN INTO AN ACTUAL CONFLICT, BUT THAT'S NOT A CONVERSATION I CAN HAVE WITH EITHER MS. KAISER OR MR. MCLEOD WITHOUT VIOLATING MY ETHICAL DUTIES, BUT I'LL LAY IT OUT IN A DECLARATION, AND I THINK THAT WILL HELP THE COURT UNDERSTAND WHERE WE'RE COMING FROM.

MS. KAISER: YOUR HONOR, JUST SO WE'RE CLEAR HERE, I DON'T KNOW ANYTHING FURTHER THAN WHAT THE COURT KNOWS HERE, BUT OBVIOUSLY, WHILE THE COURT MAY MAKE ITS OWN ANALYSIS ABOUT WHAT'S A CONFLICT OR NOT, I CERTAINLY WOULD HAVE TO CONSULT ON OUR END AS WELL.

THE COURT: OH, ABSOLUTELY YOU WOULD, COUNSEL, AND I GUESS THE INITIAL THOUGHT I HAD IS WHY ISN'T THIS A 35(B)? WE ARE WHERE WE ARE.

MS. MORGAN: THAT'S AN ADDITIONAL PROPOSED SOLUTION WHERE THIS WOULD JUST GET HANDLED --

THE COURT: THAT'S ALWAYS A PROPOSED SOLUTION, AND WE PROCEED WITH SENTENCING. I KNOW WE CAN'T TODAY BECAUSE MR. MCLEOD'S NOT PRESENT, BUT THAT'S ALWAYS AN OPTION.

MS. MORGAN: ABSOLUTELY. I THINK MY CONCERN WAS AS SOON AS THIS ETHICAL ISSUE AROSE, I BELIEVE THAT I AM ETHICALLY REQUIRED TO ALERT THE COURT. I CAN'T IGNORE IT.

THE COURT: NO, NO, YOU DID THE RIGHT THING, COUNSEL, UNDERSTOOD. SO YOU DISCUSSED 35(B) AND WILL TAKE ME THROUGH THE ALTERNATIVES AS YOU SEE THEM.

MS. MORGAN: YES.

THE COURT: THAT WILL BE FILED UNDER SEAL. TO THE EXTENT YOU CAN REDACT IT AND SHARE IT WITH MS. KAISER, BECAUSE SHE'S GOT SOME ISSUES TOO WITH REGARD TO THIS.

MS. MORGAN: RIGHT.

THE COURT: SO I THINK WE HAVE A LITTLE BIT MORE WORK TO DO ON THIS BEFORE WE GET READY FOR SENTENCING -- BEFORE WE HAVE SENTENCING.

MS. MORGAN: I THINK, LIKE MS. BETANCOURT STATED, WE CAN FILE BY CLOSE OF BUSINESS TODAY AND MAYBE -- I UNDERSTAND THE COURT HAS A NORMAL CALENDAR -- DO YOU HAVE A CALENDAR THIS FRIDAY? MAYBE WE CAN HASH IT OUT THEN AND THEN HAVE A NEW DATE FOR SENTENCING, UNLESS THAT'S JAMMING UP THE COURT AND MOVING TOO FAST.

MS. KAISER: I TENTATIVELY HAVE A FOREIGN DEPOSITION. IT MAY GET CANCELED.

MS. MORGAN: I'M AMENABLE TO WHATEVER DATE. I JUST KNOW THAT FROM THE DISCUSSIONS I'VE HAD PREVIOUSLY WITH MS. KAISER, EVERYONE IS DESIROUS TO HAVE THIS PROCEED AS EXPEDITIOUSLY AS POSSIBLE BECAUSE OF ALL THE OTHER PERSONS INVOLVED, SO WE'LL FILE TODAY AND THE COURT CAN TELL US WHEN WE WANT TO TALK ABOUT IT.

THE COURT: MS. KAISER, DO YOU WANT TO SAY ANYTHING? THIS FRIDAY ISN'T GOOD FOR YOU, WHICH WOULD BE THE 16TH. I MEAN, WE COULD DO IT ON THE 23RD. WE COULD DO IT ON THE 30TH. I'M IN TRIAL STARTING THE 19TH.

MS. KAISER: WELL, YOUR HONOR, I SHOULD KNOW BY 11:00 TOMORROW WHETHER THIS FOREIGN DEPOSITION IN MEXICO ON FRIDAY IS GOING TO GO FORWARD OR NOT. IT'S ALSO WITH FEDERAL DEFENDERS, AND THEY BELIEVE THAT THEIR WITNESS IS NOT GOING TO SHOW UP, BUT JUST BECAUSE IT'S A DEPOSITION IN MEXICO, WE SAID LET'S JUST GIVE IT THE WEEKEND AND SEE IF THE WITNESS HAS RECONSIDERED ON THE DEFENSE SIDE, AND WE HAVE UNTIL 10:00 TOMORROW TO CONFIRM. IF CIRCUMSTANCES HAVE NOT CHANGED, I WILL BE PRESENT IN THE DISTRICT ON FRIDAY.

THE COURT: DO YOU THINK YOU'LL HAVE SUFFICIENT TIME TO PROCEED WITH THIS? AGAIN, I APPRECIATE WHAT YOU'RE SAYING. I TRULY DON'T KNOW IF THE COURT WILL BE PREPARED UNTIL I SEE WHAT MS. MORGAN HAS FOR US.

(DISCUSSION HELD OFF THE RECORD.)

MS. BETANCOURT: YOUR HONOR, WE MIGHT EVEN BE ABLE TO -- I THINK WHEN THE COURT HAS MORE INFORMATION I THINK IT'S GOING TO BE A FAIRLY QUICK INQUIRY FOR THE COURT FROM US FOR ANY FURTHER INFORMATION. THE LAST THING MR. MCLEOD WANTS IS US OFF THE CASE. I THINK THERE WAS JUST SOME, LIKE MS. MORGAN WAS SAYING, THIS ONE ETHICAL QUESTION THAT CAME UP. MAYBE WE COULD DO IT ON AN OFF DAY ON THURSDAY? I DON'T KNOW IF THE COURT HAS

TRIAL THIS WEEK.

THE COURT: NO, I DON'T HAVE TRIAL THIS WEEK.

MS. KAISER: I GUESS I DON'T DISCOUNT MY -- DEFENSE COUNSEL'S REPRESENTATIONS, BUT AGAIN, IF THERE'S SOME ISSUE ABOUT CONFLICT, WE ALSO HAVE TO JUST TAKE A LOOK ON OUR END AS WELL, AND I DON'T KNOW IF IT MEANS WE HAVE TO DO FURTHER CONSULTATIONS OR IT MIGHT BE VERY QUICK AS WELL. BUT THE THING IS I DON'T KNOW IF IT RAISES ETHICAL OBLIGATIONS ON OUR END, I DON'T KNOW, SO I JUST WOULD HAVE TO --

MS. BETANCOURT: I GUESS THE OTHER CONCERN PUTTING IT ON THURSDAY, YOUR HONOR, WE DON'T KNOW IF MR. MCLEOD WILL BE AVAILABLE.

THE COURT: WELL, THAT'S THE OTHER THING.

MS. BETANCOURT: WE COULD TRY TO SET IT AND SEE IF HE'S HERE, BUT I DON'T KNOW WHAT THE COURT WANTS TO DO.

THE COURT: I'M GOING TO SAY WE SET IT ON THE 23RD, JUST FOR THIS, AND THAT GIVES US A LITTLE MORE TIME. YOU NEED TO CHECK WITH YOUR CLIENT. WE'LL SEE WHERE WE ARE.

THIS WILL NOT BE SENTENCING. FOR ALL OF YOU WHO ARE HERE WATCHING AND WANTING TO ATTEND THE SENTENCING OF IT, THAT WILL NOT BE SENTENCING, IT WILL JUST BE RESOLUTION ON THIS ISSUE THAT'S BEING RAISED, AND THEN WE WOULD SET THE SENTENCING ON THAT DAY HOPEFULLY.

AND THAT GIVES YOU TIME, MS. MORGAN, IT GIVES YOU TIME TO RESPOND. IT GIVES THE COURT, MORE IMPORTANTLY, ON

SENTENCING MATTERS AND AS AN IMPORTANT ISSUE THAT INVOLVES CONFLICT, IT GIVES THE COURT SOME TIME TO TAKE A LOOK AT IT.

MS. KAISER: WE WOULD JUST ASK, IF POSSIBLE, IF WE COULD HAVE A REDACTED VERSION OR AS MUCH INFORMATION --

THE COURT: I WOULD APPRECIATE THAT BECAUSE WE DON'T WANT TO GET TO A HEARING AND COUNSEL TO SAY SHE DIDN'T FULLY UNDERSTAND AND NEEDS AN OPPORTUNITY TO CONFER WITH SOMEBODY IN HER OFFICE. YOU CAN APPRECIATE THAT.

MS. BETANCOURT: ABSOLUTELY, YOUR HONOR. ONCE THE COURT GETS THE FULL, THE COURT WILL UNDERSTAND WHY WE'RE SAYING THAT IT'S NOT SUCH A -- FOR ALL PARTIES.

MS. MORGAN: WHATEVER WE RUN UP THE CHAIN -- WHATEVER WE FILE, I WILL DISCUSS WITH FOLKS IN OUR OFFICE AND GIVE MS. KAISER AS MUCH INFORMATION AS WE CAN WITHOUT VIOLATING ANY ETHICAL OBLIGATIONS TO ANYONE. IN LIGHT OF THAT, WOULD FILING BY CLOSE OF BUSINESS TOMORROW BE OKAY?

MS. KAISER: AS LONG AS THE COURT'S FINE WITH THAT, I HAVE NO OBJECTION TO THAT.

THE COURT: I'M FINE WITH THAT ALSO. YOU DON'T KNOW WHETHER YOU'RE GOING TO BE IN OR OUT ON FRIDAY, DEPENDING ON THE DEPOSITION, SO WE'LL PUT IT OVER TO THE FOLLOWING FRIDAY AND SEE WHERE WE ARE AT THAT POINT.

I'LL LOOK FORWARD TO GETTING SOMETHING. IF YOU WANT TO FILE SOMETHING, IN LIGHT OF WHATEVER THEY DO, YOU CERTAINLY MAY, OF COURSE.

MS. KAISER: YOUR HONOR, I HOPE TO, AS SOON AS I GET IT, TAKE A LOOK, AND IF WE'RE NOT -- EITHER WAY, I WILL TRY AND GIVE THE COURT A HEAD'S UP SOMEHOW.

THE COURT: OKAY. YOU'LL EACH SPEAK WITH EVERYBODY WHO IS HERE ON YOUR RESPECTIVE BEHALVES?

MS. MORGAN: ABSOLUTELY.

THE COURT: ANYTHING ELSE, MS. KAISER, MS. MORGAN, MS. BETANCOURT?

MS. BETANCOURT: AS TO MR. MCLEOD'S STATUS, DOES THE COURT KNOW IF HE'S CURRENTLY IN THE EMERGENCY ROOM OR IF HE WAS EN ROUTE?

THE COURT: THAT'S WHAT I WAS TOLD. NO MARSHALS CAME IN HERE THIS MORNING BECAUSE HE'S NOT HERE, BUT I HEARD HE WASN'T BEING TRANSPORTED. THEY CAME TO EXPLAIN WHY, BECAUSE HE'S IN THE ER. I TOOK IT TO BE AS WE SPEAK.

MS. MORGAN: WE'LL FOLLOW UP WITH THE MEDICAL PERSONNEL.

THE COURT: I'M SORRY, I DON'T RECALL THE NAMES OF THE TWO MARSHALS THAT CAME IN, BUT MR. REYNA IN THE BACK CAN PROBABLY TELL YOU THEIR NAMES.

MS. MORGAN: WE HAVE CONTACTS FOR THIS.

THE COURT: SO THE MATTER'S GOING OVER FOR EVERYBODY HERE TO THE 23RD.

AT WHAT TIME, ALEX?

THE CLERK: 2:00 P.M.

THE COURT: ON A MOTION HEARING, AN ISSUE THAT NEEDS TO BE RESOLVED BEFORE I CAN SENTENCE IN THIS MATTER. SO IT WILL NOT BE A TIME WHEN YOU WOULD HAVE THE OPPORTUNITY TO ADDRESS THE COURT. THAT DATE HOPEFULLY WILL BE SET ON THE 23RD, AND THAT MIGHT NECESSITATE -- IF YOU WOULD LIKE TO ADDRESS THE COURT IN PERSON, I DO HAVE SOME LETTERS ALREADY, SOME PEOPLE HAVE WRITTEN TO THE COURT, AND I HAVE READ ALL OF THOSE, BUT IF YOU'RE NOT ABLE TO COME BACK AND WANT TO ADDRESS THE COURT IN WRITTEN FORM, I CAN ASSURE ALL OF YOU THAT I READ ABSOLUTELY EVERYTHING.

I KNOW IT'S DIFFERENT WHEN EVERYBODY'S PRESENT, AND MR. MCLEOD IS NOT PRESENT, AND SOME OF YOU MAY WISH TO ADDRESS THE COURT IN PERSON WITH HIM PRESENT, AND IF YOU WISH TO DO THAT YOU ARE CERTAINLY ABLE TO DO SO, IF YOU CAN COME BACK. I'M SORRY FOR THE INCONVENIENCE, BUT WHAT OCCURRED IS BEYOND ANYBODY'S CONTROL.

ANYTHING ELSE, MS. KAISER, MS. MORGAN, MS. BETANCOURT?

MS. KAISER: NO, YOUR HONOR.

MS. MORGAN: NO, YOUR HONOR.

THE COURT: WE'LL BE IN RECESS. THANK YOU.

(COURT WAS AT RECESS.)

C E R T I F I C A T E

I, GAYLE WAKEFIELD, CERTIFY THAT I AM A DULY QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED STATES DISTRICT COURT, THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF THE PROCEEDINGS AS TAKEN BY ME IN THE ABOVE-ENTITLED MATTER ON OCTOBER 13, 2015; AND THAT THE FORMAT USED COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL CONFERENCE.

DATED: FEBRUARY 22, 2016

/S/ GAYLE WAKEFIELD
GAYLE WAKEFIELD, RPR, CRR
OFFICIAL COURT REPORTER