UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff/Respondent,<br><br>v.<br><br>TONY LEE MCLEOD,<br><br>   Defendant/Petitioner. | Case Nos.: 13-CR-2297 JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(6)**<br><br>(ECF No. 281) |

Presently before the Court is Defendant/Petitioner Tony Lee McLeod's Motion for Relief Pursuant to Federal Rule of Criminal Procedure 60(b)(6)[1] (ECF No. 281). Having considered Defendant's purported Rule 60(b) motion, the Court finds that the motion is, in fact, a disguised second motion pursuant to 28 U.S.C. § 2255 which this Court lacks jurisdiction to consider. Accordingly, the motion will be dismissed.

## BACKGROUND

Defendant was convicted by a jury of nine counts of sexual exploitation and/or attempted sexual exploitation of a child, one count of traveling with the intent to engage in illicit sexual conduct, and one count of transportation of a minor with intent to engage

---

[1] The Court construes this reference as Federal Rule of *Civil* Procedure 60(b)(6).

1

in sexual activity. ECF No. 115. On January 6, 2016, Defendant was sentenced by this Court to imprisonment for a term of 324 months to be followed by supervised release for a term of life. ECF Nos. 174, 177 & 179. The same day, Defendant filed a Notice of Appeal. ECF No. 173.

In a February 6, 2019 Amended Memorandum Opinion, a panel of the Ninth Circuit affirmed Defendant's conviction and denied his petition for rehearing and rehearing en banc, *see generally United States v. McLeod*, 755 F. App'x 670 (9th Cir. 2019. On April 29, 2019, Defendant's petition for writ of certiorari was denied by the Supreme Court. *See McLeod v. United States*, 139 S. Ct. 1641 (2019).

On May 1, 2020, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* ECF No. 240. The Court subsequently granted several motions to stay the § 2255 proceedings and Defendant ultimately filed an amended Section 2255 motion on January 24, 2022.

On July 24, 2023, this Court issued an order denying Defendant's Section 2255 motion and declining to hold an evidentiary hearing. ECF No. 277. Defendant filed an appeal of that order, and the Court of Appeals denied a certificate of appealability on August 26, 2024. ECF No. 280.

## ANALYSIS

In the instant motion filed on March 31, 2025, Defendant maintains that he is entitled to relief under Rule 60(b) because this Court improperly denied an evidentiary hearing on his Section 2255 motion and mischaracterized Defendant's ineffective assistance of counsel claim. ECF No. 281 at 1. Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby,* 545 U.S. 524, 529 (2005). Rule 60(b)(6), the provision relied upon by Defendant, permits relief when the movant demonstrates "any … reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in rules 60(b)(1)-(5). *Id.* at 529 (citation omitted).

In the federal habeas context, a Rule 60(b) motion is legitimate if it "asserts some defect in the integrity of the federal habeas proceedings." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (citation omitted). However, "if the motion presents a "claim", i.e., "an asserted federal basis for relief from a … judgment of conviction," then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." *Id., quoting Gonzales,* 545 U.S. at 530. In *Washington, supra,* the Court held that claims identical to those raised herein, *e.g.,* the district court's failure to conduct an evidentiary hearing and alleged failure to rule on all of the defendant's claims, did not amount to defects in the integrity of the federal habeas proceeding, "rather, such arguments are merely asking for a second chance to have the merits determined favorably" and thus constituted a disguised § 2255 motion. *Id.* at 1064 (quotations omitted).

A second or successive § 2255 motion may not be considered by the district court unless the petitioner obtains a certificate from the court of appeals authorizing it do so. *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)). Defendant has not demonstrated that he has obtained the authorization of the Ninth Circuit Court of Appeals to file a successive § 2255 motion, thus this Court lacks jurisdiction to consider his claims.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Defendant's Motion for Relief Pursuant to Federal Rule of Criminal Procedure 60(b)(6) for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: July 9, 2025

Hon. Janis L. Sammartino
United States District Judge